LAVERNE TRABUE *v.* STATE OF INDIANA.

[No. 2-174A44. Filed June 5, 1975.]

*Jan E. Helbert,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell D. Millbranth,* Deputy Attorney General, for appellee.

PER CURIAM—Defendant-appellant Trabue contends on appeal that the denial of his petition for treatment as a drug abuser was contrary to law. Trabue asserts that he was eligible to make the election to be treated as a drug abuser and that the trial judge was required to permit the election.

Trabue was found guilty on October 13, 1972, of Unlawful Possession of Narcotics Injection Equipment pursuant to the since repealed 1935 Narcotics Act, IC 1971, 35-24-1-2, Ind. Ann. Stat. § 10-3520 (Burns 1956 Repl.). He was given a suspended, indeterminate sentence of not less than one year nor more than five years. While on probation, Trabue was arrested on May 4, 1973, for possession of heroin and narcotic injection equipment. On July 13, 1973, Trabue filed his Petition for Election of Treatment as a drug abuser, pursuant to Ind. Ann. Stat. § 16-13-7.5-18 (Burns Code Ed. 1973). The trial court, after hearing, concluded that Trabue was not eligible for treatment as a drug abuser because the charges stemming from the arrest of May 4, 1973, were still pending.

Trabue sought treatment as a drug abuser pursuant to Ind. Ann. Stat. § 16-13-7.5-18 (Burns Code Ed. 1973), which provided[1] in pertinent part as follows:

---

1. This section was repealed by Acts 1974, P.L. 59, but was reenacted in identical form as § 16-13-6.1-18.

"If a court has reason to believe that an individual convicted of a crime is a drug abuser or the individual states that he is a drug abuser and the Court finds that he is eligible to make the election provided for under section 16 [16-13-7.5-16], the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department."

This statute provides for election of treatment as a drug abuser only when the individual is eligible to make the election. Ind. Ann. Stat. § 16-13-7.5-16 (Burns Code Ed. 1973)[2] imposes the following constraints on eligibility:

"A drug abuser . . . convicted of a crime is eligible to elect treatment . . . unless (a) the crime is a crime of violence, (b) the crime is that of selling a narcotic or dangerous drug, (c) the drug abuser has a record of two [2] or more prior convictions of a crime of violence, (d) other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the drug abuser, or (e) the drug abuser is on probation or parole and the appropriate parole or probation authority does not consent to that election or (f) the drug abuser elected and was admitted to a treatment program on two [2] prior occasions within any consecutive two [2] year period."

Trabue contends that specification (d) of the eligibility statute is ambiguous in that it fails to state whether or not the pending charge must allege the commission of a crime *of violence*. Trabue asserts that since subsections (a) and (c) are directed only at crimes of violence then subsection (d) should be similarly limited. This contention, however, must be rejected. The fact that two of the seven enumerations are only concerned with crimes of violence does not support Trabue's position. The legislature has recognized that the modifying phrase "of violence" is a limitation which narrows the category of crimes. Ind. Ann. Stat. § 16-13-7.5-2 (m) (Burns Code Ed. 1973).[3] When a limitation is imposed in a particular instance, the limitation will not be read into other statements in which it is not specifically provided. *Fort Wayne Transit, Inc.* v. *Indiana Motor Bus Co.* (1973), 158 Ind.

2. Now § 16-13-6.1-16.
3. Now 16-13-6.1-2(g).

App. 290, 302 N.E.2d 786. The legislature did limit the types of crime which would give rise to ineligibility with respect to subsections (a) and (c). We must therefore assume that the same limitation would have been made in subsection (d) if it had been intended.

The charges relating to the arrest of May 4, 1973, constituted criminal proceedings alleging the commission of a felony and they were pending at the time that Trabue petitioned for treatment as a drug abuser. Since the pendency of these charges rendered Trabue ineligible for treatment as a drug abuser, the petition was properly denied.

Judgment affirmed.

NOTE.—Reported at 328 N.E.2d 743.